**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7942**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JAMES NEAL, III, a/k/a Sonny,

                                        Defendant - Appellant.


_____

**No. 04-7946**

_____

JAMES NEAL, III,

                                        Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                                        Respondent - Appellee.


_____

Appeals from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (CR-94-27; CA-96-1624-0)

_____

Submitted:  March 24, 2005          Decided:  March 30, 2005

_____

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

James Neal, III, Appellant Pro Se. Marvin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Neal, III, a federal prisoner, seeks to appeal the district court's orders denying relief on his motions filed pursuant to Fed. R. Civ. P. 15(c) and Fed R. Crim. P. 12(b), which the district court construed as successive motions under 28 U.S.C. § 2255 (2000), and dismissed for lack of jurisdiction. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court also are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Neal has not made the requisite showing. Accordingly, we deny Neal's motion for certificates of appealability and dismiss the appeals.

Additionally, we construe Neal's notices of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

200, 208 (4th Cir.), <u>cert. denied</u>, 540 U.S. 995 (2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.  28 U.S.C. §§ 2244(b)(2), 2255 (2000).  Neal's claims do not satisfy either of these conditions.  Therefore, we decline to authorize Neal to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>